# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### SEATTLE DIVISION

| | |
|---|---|
| SELENA FORTE, on behalf of herself and others similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>  Defendant. | Case No. 21-128<br><br>**COMPLAINT—CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Complaint-1

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

**Nature of Action**

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of Ohio and Washington consumers who have been the subject of certain debt collection efforts by Convergent Outsourcing, Inc. ("Defendant").

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. To protect consumers and ensure compliance by debt collectors, the FDCPA is a strict liability statute. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

5. Violations of the FDCPA are assessed under the least sophisticated consumer standard, which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

6. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last accessed January 21, 2021).

Complaint-2

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006); *see also FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

**Parties**

7. Selena Forte ("Plaintiff") is a natural person who at all relevant times resided in Cuyahoga County, Ohio.

8. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a telephone bill from Sprint Corporation (the "Debt").

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Defendant is a limited liability company with its principal office in King County, Washington.

12. Defendant holds itself out as "one of America's leading collection agencies with offices across the country."[2]

13. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

---

[2] *See* https://www.convergentusa.com/outsourcing/site/who-is-convergent-outsourcing (last accessed January 21, 2021).

Complaint-3

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

15. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

16. Defendant held itself out to Plaintiff as a debt collector.

17. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### Jurisdiction and Venue

18. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19. Venue is proper before this Court under 28 U.S.C. § 1391(b) as Defendant has its principal place of business in this district.

### Factual Allegations

20. On or about February 8, 2019, Enhanced Recovery Company ("ERC")—a debt collector—sent Plaintiff a written communication in connection with the collection of the Debt.

21. A true and correct copy of front side of the February 8, 2019 communication to Plaintiff is attached as Exhibit A.

22. The February 8, 2019 communication references the Debt in the amount of $561.17. *Id.*

23. The February 8, 2019 communication then advises Plaintiff:

> Our records indicate that your balance with Sprint remains unpaid; therefore your account has been placed with ERC for collection efforts. We are authorized to resolve your account for less that the full balance for a payoff amount of $308.64.
>
> *****
>
> Upon receipt and clearance of $308.64, your account will be satisfied.
>
> *****
>
> Payment of the offered settlement amount will stop collection activity on this matter.  We will inform Sprint once the payment(s) is/are posted. Payment of the settlement amount will not restore your service with Sprint.  If you wish to establish service with Sprint at a future date, the remaining balance may need to

Complaint-4

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

be paid in full prior to the consideration of any future services being granted according to the Sprint Credit Policy.

*Id*.

24. On or about June 6, 2019, ERC sent Plaintiff a second written communication in connection with the collection of the Debt.

25. A true and correct copy of the front side of the June 6, 2019 communication to Plaintiff is attached as Exhibit B.

26. The June 6, 2019 communication references the Debt in the amount of $561.17. *Id*.

27. The June 6, 2019 communication then advises Plaintiff:

Our records indicate that your balance with Sprint remains unpaid; therefore your account has been placed with ERC for collection efforts. We are authorized to resolve your account for less than the full balance by offering discounted options.

Option 1: Pay the amount of $308.64, payable in a single payment.
Option 2: Pay the amount of $336.70, payable in 2 monthly payments of $168.35.
Option 3: Pay the amount of $364.77, payable in 3 monthly payments of $121.59.

*****

Payment of the offered settlement amount will stop collection activity on this matter. We will inform Sprint once the payment(s) is/are posted. Payment of the settlement amount will not restore your service with Sprint. If you wish to establish service with Sprint at a future date, the remaining balance may need to be paid in full prior to the consideration of any future services being granted according to the Sprint Credit Policy.

*Id*.

28. On January 4, 2020, in response to the collection letters from ERC, Plaintiff mailed ERC a letter making an offer to settle the Debt in full for the amount of $250.

29. A true and correct copy of Plaintiff's January 4, 2020 letter to ERC is attached as Exhibit C.

Complaint-5

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

30. Plaintiff did not receive a response from ERC.

31. In the meantime, on or about March 12, 2020, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

32. A true and correct copy of the front side of the March 12, 2020 communication to Plaintiff is attached as Exhibit D.

33. The March 12, 2020 communication references the Debt with the Total Balance and Amount Owed being $561.17. *Id*.

34. The March 12, 2020 communication also references a Settlement in Full amount of $280.59. *Id*.

35. The March 12, 2020 communication then contains a heading above the body of the letter that reads "Settlement Offer." *Id*.

36. The March 12, 2020 communication then advises Plaintiff that her Sprint account had been placed with Defendant for collection. *Id*.

37. The March 12, 2020 communication continues:

> Our client has advised us that they are willing to settle your account for 50% of your total balance due to settle your past balance. The full settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 60 days of this letter. Your settlement amount would be $280.59. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer to you in the future.
>
> Payment of the offered settlement amount will stop collection activity on this matter. We will inform Sprint once the payment(s) is/are posted. Payment of the settlement amount will not restore your service with Sprint. If you wish to establish service with Sprint at a future date, the remaining balance may need to be paid in full prior to the consideration of any future services being granted according to the Sprint Credit Policy.

*Id*.

38. Plaintiff did not immediately respond to Defendant's March 12, 2020 communication as she was waiting on ERC to respond to her January 4, 2020 settlement offer.

Complaint-6

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

39. No matter, on or about July 15, 2020, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

40. A true and correct copy of the July 15, 2020 communication to Plaintiff is attached as Exhibit E.

41. The July 15, 2020 communication references the Debt with the Total Balance and Amount Owed being $561.17, and also references a Reduced Balance Amount of $280.59—the same amount as in Defendant's March 12, 2020 communication. *Id*.

42. The July 15, 2020 communication then contains a heading above the body of the letter that reads "Reduced Balance Opportunity." *Id*.

43. The July 15, 2020 communication thereafter advises Plaintiff that her Sprint account had been placed with Defendant for collection. *Id*.

44. The July 15, 2020 communication continues:

> Our client has advised us that collection activity will stop if you pay 50% of your total balance. The amount you would need to pay is $280.59. The amount of $280.59 must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 60 days of this letter. Once the offer amount is paid, the account will be returned to Sprint. Please note, the offered amount does not satisfy the full balance and the remaining amount will be reported to Sprint. We are not obligated to renew this offer.

*Id*.

45. In response to Defendant's July 15, 2020 communication, and having not received a response to ERC, Plaintiff decided to try and get together $280.59 to satisfy the Debt.

46. Though Plaintiff did not believe she owed the money, Plaintiff wanted the Debt to be resolved, and for any allegedly delinquent amounts to be removed from her credit reports, along stopping with the related collections efforts by Sprint, which had included the Debt being reported to the credit reporting agencies and which Plaintiff believed was impacting her credit.

47. In furtherance and based on her understanding that the June 15, 2020 communication—like the three collection letters she had received before it—was an offer to accept a partial payment of the Debt to resolve her account, Plaintiff began drafting a letter to

Complaint-7

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

Defendant—similar to the letter she sent to ERC back in January—to accompany the settlement payment.

48. Unfortunately, Plaintiff was unable to come up with the $280.59 sought prior to the expiration of the 60-day period that the July 15, 2020 letter provided to her to resolve the Debt.

49. Approximately three months later, on or about October 16, 2020, Defendant sent another written communication to Plaintiff in connection with the collection of the Debt.

50. A true and correct copy of the October 16, 2020 communication to Plaintiff is attached as Exhibit F.

51. The October 16, 2020 communication references the Debt with the Total Balance and Amount Owed being $561.17, and it also references a Reduced Balance Amount of $112.23. *Id*.

52. The October 16, 2020 communication then contains a heading above the body of the letter that reads "Reduced Balance Opportunity." *Id*.

53. The October 16, 2020 communication then advises Plaintiff that her Sprint account had been placed with Defendant for collection. *Id*.

54. The October 16, 2020 communication continues:

> We have been authorized to accept payment of 20% of the total balance, which is $112.23, in exchange for which Sprint will recall your account and cease collection activity. If you are interested in taking advantage of this offer, call our office within 60 days of the date of this letter.

*Id*.

55. The October 16, 2020 letter then makes a clarification: "Please note that this is not an offer to accept 20% of your debt as payment in full, but an offer for Sprint to remove your account from further collection efforts." *Id*.

**Class Action Allegations**

56. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with an Ohio or Washington address, (b) to whom Convergent Outsourcing, Inc. mailed a debt collection communication with a "Reduced

Complaint-8

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

Balance Opportunity" heading, not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) that included the language "[o]ur client has advised us that collection activity will stop if you pay […] of your total balance" or "[o]nce the offer amount is paid, the account will be returned to […]" but did not include the following statement: "Please note that this is not an offer to accept […] of your debt as payment in full, but an offer for […] to remove your account from further collection efforts."

57. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

58. The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

59. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

60. The class is ascertainable because it is defined by reference to objective criteria.

61. In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

62. The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

63. To be sure, Plaintiff's claims and those of the members of the class originate from the same standardized initial debt collection letter utilized by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the class.

64. Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

65. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

Complaint-9

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

66. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

67. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

68. There should be no unusual difficulty in the management of this action as a class action.

69. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

70. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the FDCPA as alleged herein;

   b. whether Defendant is a debt collector as defined by the FDCPA;

   c. the availability of statutory penalties; and

   d. the availability of attorneys' fees and costs.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e**

71. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 70.

72. The FDCPA at 15 U.S.C. § 1692e provides, in pertinent part, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

73. A statement "is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales*, 660 F.3d at 1062.

74. Defendant's July 15, 2020 communication is false, deceptive and misleading because the least sophisticated consumer could interpret it in several different ways, at least one of which is inaccurate.

Complaint-10

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

75. For instance, the July 15, 2020 communication markets a "Reduced Balance Opportunity" and provides a "Reduced Balance Amount," which the least sophisticated consumer can understand to mean (1) that Defendant was offering Plaintiff an opportunity to pay off the Debt by paying a reduced balance **or** (2) that Defendant was offering Plaintiff the opportunity to reduce the balance of her Debt by paying part of it.

76. Indeed, Defendant has used the "Reduced Balance Opportunity" language in collection letters it has sent to persons other than Plaintiff where the clear intent of the collection letter was to offer to accept a partial payment of the debt in full settlement of the total outstanding balance. *See* October 25, 2019 letter to Robert Maldonado, attached as Exhibit G; *see also Maldonado v. Convergent Outsourcing, Inc.*, No. 20-cv-01560, 2020 WL 6825684, at *3 (N.D. Ill. Nov. 20., 2020) (holding that a cursory reading of the October 25, 2019 letter to Maldonado led to the conclusion that it was an offer to accept a reduced balance to "*eradicate the debt.*") (emphasis added).

77. This ambiguity is compounded by Defendant's statements that "[o]ur client has advised us that collection activity will stop if you pay 50% of the total balance…. Once the offer amount is paid, the account will be returned to Sprint. Please note, the offered amount does not satisfy the full balance and the remaining balance will be reported to Sprint." Ex. C at 1.

78. When combined with the "Reduced Balance Opportunity" language, the least sophisticated consumer could interpret this letter in at least three different ways: (1) payment of 50% of the Debt will settle the Debt, thereby causing a cessation of collection activity by Sprint and by Defendant, who will report to Sprint that the Debt has been resolved for less than the full balance; (2) payment of 50% of the Debt will trigger a cessation of collection activity by Sprint and by Defendant for some indeterminate period of time, but an outstanding balance will still remain that Sprint and/or Defendant can attempt to collect at some date in the future; or (3) payment of 50% of the Debt will trigger a cessation of collection activity by Sprint and by Defendant, and even though an outstanding balance will remain, neither Defendant nor Sprint will attempt to collect that amount in the future.

Complaint-11

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

79. But at least one—and likely more than one—of these interpretations is necessarily inaccurate.

80. Moreover, the least sophisticated consumer could interpret the language in the July 15, 2020 communication to mean that payment of the Reduced Balance Amount will either (1) require Defendant and Sprint to cease reporting the Debt to the credit reporting agencies as delinquent or, (2) allow Defendant or Sprint to continue negative credit reporting to the credit reporting agencies on the unpaid amount of the Debt.

81. To make matters more confusing, Plaintiff, as set forth above, had previously received two debt collection letters from ERC, and one from Defendant, offering to accept a partial payment to settle the Debt in full.

82. Defendant used a false, deceptive, and misleading representation in connection with the collection of the Debt, in violation of 15 U.S.C. § 1692e.

83. The harm suffered by Plaintiff is particularized in that the violative debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and misled her in connection with the collection of the Debt.

84. And the content of Defendant's July 15, 2020 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

85. Specifically, the July 15, 2020 communication presents a risk of harm to the FDCPA's goal of ensuring that consumers are free from deceptive debt collection practices because the letter provides misleading and confusing information that could entice the least sophisticated consumer to make a payment on a debt based on a misunderstanding of the terms that are being offered.

86. Indeed, after receiving and reading the July 15, 2020 communication, Plaintiff believed that if she paid $280.59—50% of the balance of the Debt—the Debt would be eradicated, Defendant and Sprint would cease collecting it from her, and Defendant and Sprint would update their credit reporting with the credit reporting agencies to note that Plaintiff had satisfied the Debt.

Complaint-12

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

**Count II: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10)**

87. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 70.

88. The FDCPA at 15 U.S.C. § 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

89. Defendant's July 15, 2020 communication constituted a deceptive and misleading representation in connection with the collection of the Debt.

90. For instance, the July 15, 2020 communication markets a "Reduced Balance Opportunity" and provides a "Reduced Balance Amount," which the least sophisticated can understand to mean (1) that Defendant was offering an opportunity to pay off the Debt by paying a reduced balance **or** (2) that Defendant was offering Plaintiff the opportunity to reduce the balance of her Debt by paying part of it.

91. Indeed, Defendant has used the "Reduced Balance Opportunity" language in collection letters it has sent to persons other than Plaintiff where the clear intent of the collection letters is to offer to accept a partial payment of the debt in full settlement of the total outstanding balance. *See* Ex. G; *see also Maldonado*, 2020 WL 6825684, at *3) (holding that a cursory reading of the letter led to the conclusion that it was an offer to accept a reduced balance to "eradicate the debt.").

92. This ambiguity is compounded by Defendant's statements that "[o]ur client has advised us that collection activity will stop if you pay 50% of the total balance…. Once the offer amount is paid, the account will be returned to Sprint. Please note, the offered amount does not satisfy the full balance and the remaining balance will be reported to Sprint." Ex. C at 1.

Complaint-13

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

93. When combined with the "Reduced Balance Opportunity" language, the least sophisticated consumer could interpret this letter in at least three different ways: (1) payment of 50% of the Debt will settle the Debt, thereby causing a cessation of collection activity by Sprint and by Defendant, who will report to Sprint that the Debt has been resolved for less than the full balance; (2) payment of 50% of the Debt will trigger a cessation of collection activity by Sprint and by Defendant for some indeterminate period of time, but an outstanding balance will still remain that Sprint and/or Defendant can attempt to collect at some date in the future; or (3) payment of 50% of the Debt will trigger a cessation of collection activity by Sprint and by Defendant, and even though an outstanding balance will remain, neither Defendant nor Sprint will attempt to collect that amount in the future.

94. But at least one—and likely more than one—of these interpretations is necessarily inaccurate.

95. Moreover, the least sophisticated consumer could interpret the language in the July 15, 2020 communication to mean that payment of the Reduced Balance Amount will either (1) require Defendant and Sprint to cease reporting the Debt to the credit reporting agencies as delinquent or, (2) allow Defendant or Sprint to continue negative credit reporting to the credit reporting agencies on the unpaid amount of the Debt.

96. To make matters more confusing, Plaintiff, as set forth above, had previously received two debt collection letters from ERC, and one from Defendant, offering to accept a partial payment to settle the Debt in full.

97. Defendant used a false, deceptive, and misleading representation in connection with the collection of the Debt, in violation of 15 U.S.C. § 1692e(10).

98. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and misled her in connection with the collection of the Debt.

99. And the content of Defendant's July 15, 2020 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

Complaint-14

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

100. Specifically, the July 15, 2020 communication presents a risk of harm to the FDCPA's goal of ensuring that consumers are free from deceptive debt collection practices because the letter provides misleading and confusing information that could entice the least sophisticated consumer to make a payment on a debt based on a misunderstanding of the terms that are being offered.

101. Indeed, upon receiving and reading the July 15, 2020 communication, Plaintiff believed that if she paid $280.59—50% of the balance of the Debt—the Debt would be eradicated, Defendant and Sprint would cease collecting it from her, and Defendant and Sprint would update their credit reporting with the credit reporting agencies to note that Plaintiff had satisfied the Debt.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

a. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10);

c. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

d. Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

e. Enjoining Defendant from future violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) with respect to Plaintiff and the class;

f. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

g. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

h. Awarding other and further relief as the Court may deem just and proper.

Complaint-15

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

# JURY DEMAND

Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated:  February 1, 2021

Respectfully submitted,

*/s/ Matthew Cunanan*
Matthew Cunanan
DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Tel:  206-494-0400
Fax: 855-494-0400
matthew@dclglawyers.com

James L. Davidson*
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

* to seek admission *pro hac vice*

Complaint-16

Case No. 21-128

DC Law Group
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400